UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT HUDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:17-cv-302-RLM-MGG |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Robert Hudson, a prisoner representing himself, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 17-01-238) in which the disciplinary hearing officer found him guilty of disorderly conduct in violation of Indiana Department of Correction policy B-236. ECF 1 at 1. He was demoted from Credit Class 1 to Credit Class 2. While Mr. Hudson's petition identifies three grounds, each of these grounds argues that the hearing officer didn't have sufficient evidence to find him guilty.

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision

to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The conduct report charged Mr. Hudson as follows,

> On 01-12-2017 at approximately 06:50 A.M. while working my assigned post of Chow hall 3 I, Officer B. Dillman, was working the serving window while LHU was at chow. Offender Hudson, Robert #221627 LHU-322 came through the serving line and when he approached the serving window Offender Hudson took two food trays from the serving window. I asked Offender Hudson why he had two trays but he did not answer. I then advised Offender Hudson that he was only allowed to receive one tray and to give me the second tray. I then reached for the extra tray that was being held by Offender Hudson. When I did so I had a hold of the tray by the corner and when I did that I told Offender Hudson to give me the tray. At that point Offender Hudson said "fuck you" and dumped the tray of food on me, spilling the food on my uniform. It is being requested that Offender Hudson pay restitution for the breakfast tray in the amount of $2.14. Aramark Ms. Gunter was contacted to find out the amount of a breakfast tray this morning.

ECF 8-1. Mr. Hudson was subsequently charged and found guilty of violating Department of Correction B-236: "exhibiting disruptive and violent conduct which disrupts the security of the facility or other area in which the offender is located."

Adult Disciplinary Process, Appendix I: Offenses. [http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf](http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf).

The hearing officer had sufficient evidence to find Mr. Hudson guilty. A conduct report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. The hearing officer had the benefit of the conduct report and surveillance video footage of the incident, both of which this court has reviewed. The conduct report in this case contained the first-hand observations of the reporting officer. The reporting officer provided evidence that Mr. Hudson flipped the second tray onto the reporting officer, and the surveillance video footage supports what the reporting officer said. In light of this evidence, the hearing officer's determination wasn't arbitrary or unreasonable.

Mr. Hudson argues that the conduct report contained false statements, and that there were inconsistencies between the statement of the reporting officer and the statement of the officer who reviewed the surveillance footage. It was the hearing officer's exclusive province to weigh the respective credibility of the witnesses and this court won't reconsider or re-weigh that evidence. See Webb v. Anderson, 224 F.3d at 653. In the conduct report, the reporting officer claims that food landed on his uniform. In the report of the surveillance footage, the report states that the officer was able to redirect the tray so that it didn't land on his person. Whether food landed on the reporting officer's uniform is immaterial to the

hearing officer's ultimate finding that Mr. Hudson was being disruptive when he flipped the tray over.

Mr. Hudson next argues that he was denied an impartial decision-maker. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). While Mr. Hudson couches his claim as a challenge to the hearing officer's impartiality, his argument is more akin to a challenge to the sufficiency of the evidence. He claims that the hearing officer wasn't impartial because she ultimately found him guilty. As discussed previously, the hearing officer had sufficient evidence to find Mr. Hudson guilty. Without evidence that the hearing officer was predisposed to find him guilty, Mr. Hudson has not established bias.

For these reasons, the court DENIES the petition (ECF 1) and DIRECTS the clerk to enter judgment accordingly.

SO ORDERED.

ENTERED: October 26, 2017.   /s/ Robert L. Miller, Jr.
Judge
United States District Court